**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 118751

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**WHITE PLAINS DIVISION**

| | |
|---|---|
| Sarah Glanz, individually and on behalf of all others similarly situated, | Docket No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| Revenue Management Services Corp, | |
| Defendant. | |

Sarah Glanz, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Revenue Management Services Corp (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1.  This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2.  This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.  Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Sarah Glanz is an individual who is a citizen of the State of New York residing in Orange County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Revenue Management Services Corp, is a Florida Corporation with a principal place of business in Palm Beach County, Florida.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendants business is the collection of such debts.

12. Defendant uses the mails in its debt collection business.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

14. Defendant alleges Plaintiff owes a debt ("the alleged Debt") to The Valley Hospital.

15. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a personal medical care.

16. The alleged Debt does not arise from any business enterprise of Plaintiff.

17. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

19. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated July 10, 2019. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

20. The Letter conveyed information regarding the alleged Debt.

21. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

22. The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

23. The Letter was received and read by Plaintiff.

24. 15 U.S.C. § 1692g protects Plaintiffs concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendant deprived Plaintiff of this right.

25. 15 U.S.C. § 1692e protects Plaintiffs concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

26. The deprivation of Plaintiffs rights will be redressed by a favorable decision herein.

## FIRST COUNT
## Violation of 15 U.S.C. §§1692e and 1692f

27. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

28. Plaintiff was enrolled in New York's Medicaid program through Cigna at the time the medical services were rendered.

29. Other than for co-pays, Medicaid patients may not be balance-billed.

30. The alleged Debt represents unlawful balance billing.

31. By sending a collection letter to Plaintiff to collect on the alleged Debt, Defendant misrepresented the status of the debt as collectible, when it was not.

32. As such, Defendant violated Sections 1692e and 1692f of the FDCPA.

33. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692f and is liable to Plaintiff therefor.

## SECOND COUNT
## Violations of 15 U.S.C. § 1692g(a)

34. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

35. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

36. 15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumers written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

37. In order to be entitled to obtain the name and address of the original creditor, if different from the current creditor, the consumer must request such in writing.

38. The Letter fails to include the statement required by 15 U.S.C. § 1692g(a)(5).

39. For all of the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a) and is liable to Plaintiff therefor.

### THIRD COUNT
### Violation of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)

40. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

41. 15 U.S.C. § 1692g(a) provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

42. 15 U.S.C. § 1692g(b) provides, "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumers right to dispute the debt or request the name and address of the original creditor."

43. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other language in the communication.

44. A communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

45. A collection letter overshadows the validation notice if it is formatted in a manner such that the validation notice is visibly inconspicuous.

46. A debt collector has the obligation, not just to convey the required information,

4

but also to convey such clearly.

47. A debt collector has the obligation, not just to convey the required information, but also to convey such effectively.

48. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly, so that the least sophisticated consumer will not be uncertain as to her rights.

49. A debt collector has the obligation, not just to convey the required information, but also to convey such effectively, so that the least sophisticated consumer will not be uncertain as to her rights.

50. The Letter sets forth the statements required by 15 U.S.C. § 1692g(a)(3) and 15 U.S.C. § 1692g(a)(4) only.

51. The required statements that were provided, however, are set forth in a font size smaller than the other text on the page, and are also set forth at the very bottom of the letter, under the signature line.

52. The required statements, relative to the other language in the Letter, are visually inconspicuous.

53. The required statements cannot be readily discerned from the rest of the body of the Letter.

54. The Letter contains no visually conspicuous transitionary language, such as "See Important Notice Below," directing Plaintiffs attention to the required statements.

55. The Letter does not otherwise direct the consumers attention to the required statements in any way.

56. There is no transitional language directing the reader to the required statements.

57. While other information in the Letters is set forth conspicuously, the required statements are positioned in such a way that it discourages the least sophisticated consumer from reading it.

58. While other information in the Letters is set forth conspicuously, the required statements are positioned in such a way to encourages the least sophisticated consumer to believe that the language is unimportant.

59. While other information in the Letters is set forth conspicuously, the required statements are positioned in such a way that it discourages the least sophisticated consumer from

5

reading them.

60. While other information in the Letters is set forth conspicuously, the required statements are positioned and deemphasized in such a way that it discourages the least sophisticated consumer from exercising her rights.

61. The format of the Letter overshadows the consumers right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

62. The format of the Letter overshadows the consumers right to demand verification of the debt, in violation of 15 U.S.C. § 1692g(b).

63. The format of the Letter is inconsistent with the consumers right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

64. The format of the Letter is inconsistent with the consumers right to demand verification of the debt, in violation of 15 U.S.C. § 1692g(b).

65. The manner in which the Letter is formatted would likely make the least sophisticated consumer uncertain as to his rights.

66. The manner in which the Letter is formatted would likely make the least sophisticated consumer confused as to his rights.

67. The manner in which the Letter is formatted would likely make the least sophisticated consumer overlook his rights.

68. The Letter is structured in such a way that it makes the required statements difficult to read and easy to overlook.

69. The Letter is structured in such a way that it makes the required statements look like fine print.

70. The Letter is structured in such a way that it makes the required statements appear as boilerplate language.

71. The Letter is structured in such a way that it makes the required statements appear unimportant.

72. The Letter is structured in such a way that it discourages Plaintiff from reading the required statements.

73. As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising his right to dispute the alleged Debt.

74. As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising his right to request validation of the alleged Debt.

75. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

76. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

77. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

78. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

79. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

80. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. §§ 1692e and 1692e(10).

81. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

82. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

83. Plaintiff seeks to certify three classes of:

> i. All consumers to whom Defendant sent a collection letter seeking to collect on a debt covered by Medicaid, which letter was sent on or after a date one year prior to the filing of this action to the present.
>
> ii. All consumers to whom Defendant sent a collection letter seeking to collect on a debt, which letter fails to provide the statement required by Section 1692g(a)(5) of the FDCPA and which letter was sent on or after a date one year prior to the filing of this action to the present.
>
> iii. All consumers to whom Defendant sent a collection letter substantially and materially similar to the letter sent to Plaintiff,

7

    which letter was sent on or after a date one year prior to the filing of this action to the present.

  84. This action seeks a finding that Defendants conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

  85. The Class consists of more than thirty-five persons.

  86. Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

  87. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

  88. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendants conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

### JURY DEMAND

  89. Plaintiff hereby demands a trial of this action by jury.

### PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

  a. Certifying this action as a class action; and

  b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

      c.    Finding Defendants actions violate the FDCPA; and

      d.    Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

      e.    Granting Plaintiff's attorneys fees pursuant to 15 U.S.C. § 1692k; and

      f.    Granting Plaintiffs costs; all together with

      g.    Such other relief that the Court determines is just and proper.

DATED: February 11, 2020

**BARSHAY SANDERS, PLLC**

By: /s/ *Craig B. Sanders*
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 118751